DC COMICS, Plaintiff–Appellant,

v.

The WELLA CORP. and Wella, AG, Defendants–Appellees.

No. 02–7284.

United States Court of Appeals, Second Circuit.

May 17, 2002.

Patrick T. Perkins (Carol F. Simkin, Zoe Hilden, on the brief), Fross Zelnick Lehrman & Zissu, P.C., New York City, for appellant.

Mark N. Mutterperl (Peter F. Felfe, Edward Dolido, on the brief), Fulbright & Jaworski, L.L.P., New York City, for appellees.

Jonathan E. Moskin, Pennie & Edmonds, LLP, New York City, (William R. Grimm, Hinckley Allen & Snyder, LLP, Boston, MA, on the brief), for Kryptonite Corp., Mark B. Brenner, New York City, (Mary Frances Love, George Mason University School of Law, Arlington, VA, on the brief), for Beauty and Barber Supply Institute, Inc., Gregory J. Battersby, (Edmund J. Ferdinand, III, on the brief), Grimes & Battersby, LLP, Norwalk, CT, for Int'l Licensing Industry Merchandisers' Ass'n, Inc., for amicus curiae.

PRESENT: JOSE A. CABRANES, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and hereby is **AFFIRMED.**

Plaintiff DC Comics ("DC") timely appeals from an order entered on March 20, 2002 by the United States District Court for the Southern District of New York, denying DC's motion for a preliminary injunction against defendants Wella Corp. and Wella, AG. (collectively "Wella").

DC commenced the instant action against Wella for unfair competition, false designation of origin, and trademark dilution under the United States Trademark Act, and for related state law claims. DC argues that Wella's use of the word Kryptonite on Wella's hair gel infringes DC's intellectual property rights in Kryptonite.

On appeal of the District Court's order, DC principally contends that the District Court made clearly erroneous factual findings and balanced the factors set forth in *Polaroid Corp. v. Polarad Elecs. Corp.,* 287 F.2d 492 (2d Cir.1961), improperly.

We review the District Court's factual findings on each of the *Polaroid* factors for clear error but review *de novo* the Court's weighing of the *Polaroid* factors. *Estee Lauder Inc. v. The Gap, Inc.,* 108 F.3d 1503, 1510 (2d Cir.1997). Based on the record before the District Court to date, we conclude that there was no clear error in the District Court's findings that (1) although Kryptonite used with Superman is a strong mark, Kryptonite by itself is not a strong mark; (2) the goods marketed by DC and Wella are not proximate and it is not likely that DC will bridge the gap; (3) DC failed to demonstrate actual confusion; and (4) although there was some indication Wella sought to trade on the association Kryptonite has with Superman, Wella's "conduct may not rise to the level of bad faith." We also perceive no clear error in the District Court's refusal to accord significance to the sophistication of the relevant consumers and the quality of Wella's product.

Because the District Court failed to consider the context in which Wella uses Kryptonite, it made a clear error in assessing the similarity of the marks. *See Streetwise Maps, Inc. v. Vandam, Inc.,* 159 F.3d 739, 744 (2d Cir.1998). On Wella's label, the word Kryptonite is subordinated in size and typographical prominence to the brand name, Wella, and to the product line name, Liquid Hair. The label also bears Wella's logo of a woman with flowing hair. Where a label prominently identifies the product's well-known maker, the likelihood of confusion is "significantly reduce[d]." *Nabisco, Inc. v. Warner–Lambert Co.,* 220 F.3d 43, 46 (2d Cir.2000). We

therefore conclude that the similarity factor weighs in favor of Wella, not DC.

DC also attacks the District Court's balancing of the factors, arguing that the Court placed undue emphasis on proximity and bridging the gap and insufficient weight on strength of the mark, similarity, and bad faith. These arguments fail for several reasons. First, the District Court found Kryptonite to be a strong mark only when it is used "in connection with the overall Superman package." Second, we disagree with the District Court's conclusion on similarity of the marks. Third, the District Court did not find—as DC implies—that Wella was guilty of bad faith, although it did find that Wella may have tried to trade on an association with Superman. Thus, DC's contention that the District Court gave too much weight to proximity and to bridging the gap and too little to strength of the mark, similarity, and bad faith is defeated by a correct statement of the Court's findings on strength and bad faith and by our reversal of the District Court's finding that the marks are similar. We therefore agree with the District Court's general conclusion that DC failed to show a likelihood of success although it may have demonstrated serious questions going to the merits.

We also agree that DC failed to show a balance of hardships tipping in its favor. Therefore, the District Court did not abuse its discretion by denying a preliminary injunction.

In these circumstances, we affirm the order of the District Court. Mindful that a trial on the merits may yet be possible, *see* FED.R.CIV.P. 65(a), we take this opportunity to remind the parties that we intimate no view on any further development of the record in the District Court or any further findings of fact and conclusions of law that may be entered by the District Court.

We remand the cause to the District Court for further proceedings, including such additional discovery and motion practice prior to a trial on the merits, as may be appropriate in the circumstances.

For the foregoing reasons, the order of the District Court is hereby **AFFIRMED.**